UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CARLTON C.,[1] | : | Case No. 3:23-cv-00168 |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

# DECISION AND ENTRY

This matter is before the Court for review of Plaintiff Carlton C.'s claim challenging the Social Security Administration's denial of his application for Supplemental Security Income (SSI). This case is before the Court upon Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #10), Plaintiff's Reply (Doc. #11), and the administrative record (Doc. #7).

**I.** **Background**

The Social Security Administration provides SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

In the present case, Plaintiff filed an application for SSI on February 12, 2020, alleging disability beginning on December 1, 2016, due to several impairments, including post-traumatic stress disorder, anxiety, depression, vascular disease in both legs, high blood pressure, and high cholesterol. (Doc. #7-6, *PageID* #243). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins on December 22, 2021. Thereafter, ALJ Adkins issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since February 12, 2020, the application date.

Step 2: He has the following severe impairments: peripheral arterial disease (PAD); hypertension; diverticulitis; gastroesophageal reflux disease (GERD); diabetes mellitus; obesity; post-traumatic stress disorder (PTSD); major depressive disorder; and generalized anxiety disorder.

Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "sedentary work … except he could lift and/or carry 20 pounds occasionally and ten pounds frequently. He could stand and/or walk for about two hours in an eight-hour workday and sit for about [s]ix hours in an eight-hour workday. He could frequently balance (as defined in the Selected Characteristics of Occupations (SCO)). He could occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. He should never climb ladders, ropes, or scaffolds. He should avoid all exposure to workplace hazards such as unprotected heights and dangerous machinery. He could perform tasks that do not require production-rate pace or strict performance quotas. He is limited to occasional, superficial contact with supervisors and coworkers ("superficial contact" defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but lacking the ability to engage in more complex social interactions such as persuading other people or rendering advice). He

        should avoid all interaction with the public. He could tolerate occasional changes to a routine work setting. He required the use of a single-point cane for ambulation on all surfaces."

        He is unable to perform any past relevant work.

Step 5:     He can perform a significant number of jobs that exist in the national economy.

(Doc. #7-2, *PageID* #s 50-59). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since February 12, 2020, the date the application was filed. *Id.* at 59.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 48-59), Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #10), and Plaintiff's Reply (Doc. #11). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision

of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III.    Discussion

In his Statement of Errors, Plaintiff contends that "the ALJ's physical RFC determination is not supported by substantial evidence where the ALJ relied upon his own lay interpretation of the raw medical data and the physical RFC is therefore impermissibly crafted from whole cloth." (Doc. #9, *PageID* #s 975-79). Plaintiff argues that substantial evidence does not support the ALJ's RFC finding because he rejected the administrative findings of the state agency medical consultants—the only medical opinions in the record regarding Plaintiff's physical limitations—and instead relied on his own lay opinion of Plaintiff's physical limitations. *Id*. at 977. In addition, Plaintiff contends, the ALJ should have developed the record concerning his physical abilities by ordering a consultative evaluation or recontacting his treating physicians. *Id.* at 978. In response, the Commissioner maintains that substantial evidence supports the ALJ's decision. (Doc. #10, *PageID* #s 984-92). Additionally, the Commissioner states the ALJ was not required to further develop the record because there was sufficient evidence to make an informed decision regarding Plaintiff's disability claim. *Id*.

An individual's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). While medical source opinions are considered, the final responsibility for deciding the RFC is reserved to the Commissioner. *See* 20 C.F.R. § 416.927(d); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—

not a physician—ultimately determines a claimant's RFC."). As such, the ALJ bears the responsibility for assessing an individual's RFC based on all the relevant evidence, 20 C.F.R. § 416.946(c), and must consider all of an individual's medically determinable impairments, both individually and in combination. *See* Soc. Sec. R. 96-8p, 1996 WL 374184, *7 (Soc. Sec. Admin. July 2, 1996).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered. *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. May 21, 2004). However, the ALJ still has an obligation to consider all of the evidence before him and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC. *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); Soc. Sec. R. 96-8p, 1996 WL 374184, *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts … and nonmedical evidence…"). Further, the ALJ may not simply ignore evidence that does not support his decision. *See e.g., Germany–Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 777 (6th Cir. 2008) (finding error where the ALJ was "selective in parsing the various medical reports"); *Ackles v. Colvin*, No. 3:14CV00249, 2015 WL 1757474, at *6 (S.D. Ohio Apr. 17, 2015) (Ovington, M.J.), *report and recommendation adopted*, No. 3:14CV00249, 2015 WL 2142396 (S.D. Ohio May 6, 2015) (Rice, D.J.) ("The ALJ did not mention this objective evidence and erred by selectively including only the portions of the medical evidence that placed Plaintiff in a capable light.").

As noted previously, the ALJ formulated an RFC that allowed Plaintiff to "frequently balance, occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. He should never climb ladders, ropes, or scaffolds. He should avoid all exposure to workplace hazards such as unprotected heights and dangerous machinery." (Doc. #7-2, *PageID* #s 53-54).

State agency medical consultants, Dimitri Teague, M.D., and Elizabeth Das, M.D., reviewed Plaintiff's record in December 2020 and July 2021, respectively. (Doc. #7-3, *PageID* #s 100-08, 109-18). Dr. Teague opined that Plaintiff was limited to light work with occasional climbing, balancing, stooping, kneeling, crouching, and crawling. *Id.* at 104-05. Dr. Das opined that Plaintiff was limited to sedentary work[2] and included the limitation of frequent pushing and pulling in the lower extremities. *Id.* at 113-14.

The ALJ found their assessments to be "unpersuasive" because they were "unsupported by the clinical findings in the records, particularly his November 2020 arterial studies," and were "inconsistent with the objective medical evidence corroborating the need for greater physical limitations due to [Plaintiff]'s various impairments and symptoms." (Doc. #7-2, *PageID* #57). Instead, the ALJ added additional limitations to the RFC, restricting Plaintiff to a range of sedentary work with frequent rather than constant balancing; occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; no climbing of ladder, ropes, or scaffolds; and no exposure to workplace hazards such as unprotected heights and dangerous machinery. (Doc. #7-2, *PageID* #s 53-54).

---

[2] While both the ALJ and Plaintiff state that Dr. Das found Plaintiff capable of light work, Dr. Das limited Plaintiff to sedentary work in her physical RFC assessment. (Doc. #7-3, *PageID* #113).

6

### A. Raw Medical Data

Plaintiff argues that the ALJ's physical RFC determination is not supported by substantial evidence because he did not rely on the state physicians' medical opinions and interpreted raw medical data to craft Plaintiff's physical RFC. (Doc. #9, *PageID* #s 975-79). The Commissioner asserts that the ALJ's physical RFC is supported by substantial evidence because the ALJ was not required to base his RFC on a medical opinion. (Doc. #10, *PageID* #985). Instead, the Commissioner contends, because "the record contained sufficient evidence for the ALJ to make an informed decision regarding Plaintiff's RFC, he was not required to further develop the record by obtaining additional opinions." *Id*. at 982. For the following reasons, Plaintiff's assignment of error is not well-taken.

Sixth Circuit caselaw states that the final responsibility for deciding the RFC is reserved to the Commissioner, not a physician. *See* 20 C.F.R. § 416.927(d); *Coldiron,* 391 F. App'x at 439. Furthermore, the foundation of the ALJ's RFC does not have to be a physician's medical opinion, so long as the ALJ sufficiently "make[s] a connection between the evidence relied on and the conclusion reached." *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019) (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013)).

Here, the ALJ specifically found Plaintiff possessed greater physical limitations than opined by the state agency physicians', citing to objective medical evidence that indicated Plaintiff would be limited to sedentary work instead of light work to support his more restrictive limitations. (Doc. #7-2, *PageID* #57) (citing Doc. #7-7, *PageID* #s 321, 328, 334, 395, 413-14, 436, 491, 570, 574, 605, 607; Doc. #7-8, *PageID* #s 712, 715, 724, 770, 774, 790, 796, 819, 834; Doc. #7-19, *PageID* #s 883, 889, 895, 897, 902). Thus, the ALJ made the necessary connection between the

7

objective medical evidence he relied upon and his conclusion that Plaintiff required a more restrictive physical RFC.

Furthermore, if the ALJ supports his RFC with a "combination of objective medical evidence and non-medical evidence," decisions "even where there is no medical opinion that corresponds precisely to the RFC found by the ALJ" are upheld. *Naddra v. Comm'r of Soc. Sec.*, No. 1:16-CV-340, 2016 WL 11268204, at *8 (S.D. Ohio Dec. 22, 2016) (Bowman, M.J.) (collecting cases), *report and recommendation adopted*, No. 1:16-CV-340, 2017 WL 1194708 (S.D. Ohio Mar. 31, 2017) (Barrett, D.J.). In this case, the ALJ supported his sedentary RFC determination with an analysis of Plaintiff's daily activities and the objective medical evidence. (Doc. #7-2, *PageID* #52, 57). While the ALJ concluded from the objective medical evidence that Plaintiff required a more restrictive RFC than opined by the state agency physicians', he also found that Plaintiff was not as limited as he testified. *Id*. at 52. Specifically, the ALJ found that Plaintiff's "daily functioning is largely unlimited, as he can dress and groom himself, prepare quick meals, perform household chores with breaks, leave his home unaccompanied … and drive an automobile." *Id*. The ALJ then concluded that "[Plaintiff's] daily functioning is less limited than one could reasonably expect, considering the alleged severity of his physical and mental impairments." *Id*. at 56. Therefore, the ALJ sufficiently supported his RFC determination with medical and non-medical evidence.

Plaintiff relies on a line of Northern District of Ohio cases for the assertions that a medical expert must be consulted when there is an insufficient record for the ALJ to derive a RFC determination, and that the ALJ erred by not consulting a medical expert once he rejected the state agency physicians' opinions. (Doc. #11, *PageID* #s 994-96) (citing *Deskin v. Comm'r of Soc.*

*Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008); *Falkosky v. Comm'r of Soc. Sec.*, No. 1:19-cv2632, 2020 WL 5423967, at *6 (N.D. Ohio Sept. 10, 2020); *Kizys v. Comm'r of Soc. Sec.*, No. 3:10-cv-25, 2011 WL 5024666, at *1-2 (N.D. Ohio Oct. 21, 2011)). Known as the *Deskin* rule, "where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated non-examining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing." *Deskin*, 605 F. Supp. 2d at 912. As *Kizys* clarifies, however, *Deskin* is a narrow rule, not a bright-line test, that *potentially* applies only in two circumstances. *Id.* at *2. First, *Deskin* may apply when an ALJ makes a finding of work-related limitations based on no medical source opinion. *Id*. Second, it may apply when there is an outdated source opinion that does not include consideration of a critical body of objective medical evidence. *Id*. However, "the ALJ retains discretion to impose work-related limitations without a proper source opinion where 'the medical evidence shows 'relatively little physical impairment' and an ALJ 'can render a commonsense judgement about functional capacity.'" *Id*.

Neither circumstance outlined in *Kizys* applies to this case. First, unlike *Deskin* and *Falkosky*, there were medical opinions regarding Plaintiff's physical limitations in the record. (Doc. #7-2, *PageID* #57); *see Brewer v. Comm'r of Soc. Sec.*, No. 1:23CV1241, 2024 WL 1683666, at *13 (N.D. Ohio Mar. 12, 2024), *report and recommendation adopted*, No. 1:23-CV-1241, 2024 WL 1676856 (N.D. Ohio Apr. 18, 2024) (distinguishing a record with no medical source opinion that would trigger *Deskin* with one where medical source opinions existed in the record yet were not adopted by the ALJ which would not trigger *Deskin*). Second, the medical opinions are not incredibly outdated, and the ALJ reasonably considered subsequent evidence.

9

*Brewer*, 2024 WL 1683666, at *12 (finding that five months between the last record reviewed by a medical opinion and the ALJ hearing is not outdated to trigger *Deskin*, as long as the ALJ considered the subsequent evidence in the record). Specifically, Dr. Das considered Plaintiff's medical records up to July 2021, and the ALJ held the hearing in December 2021—only five months later. (Doc. #7-2, *PageID* #s 65-96); (Doc. #7-3, *PageID* #110). The ALJ considered the subsequent medical evidence in the record, citing to Plaintiff's August 2021 treatment notes, October 2021 colon resection, and November 2021 post-operative treatment records that post-dated the state agency physicians' opinions. (Doc. #7-2, *PageID* #s 55-56) (citing Doc. #7-16, *PageID* #831; Doc. #7-19, *PageID* #940). Therefore, neither of the two circumstances that could potentially trigger the *Deskin* rule applies to this case, refuting Plaintiff's contention that the ALJ erred by failing to call a medical expert.

Finally, while Plaintiff argues that the ALJ impermissibly interpreted raw data in his review of the objective medical evidence, courts have found that an ALJ's review of a medical provider's summation of medical results does not constitute an ALJ interpreting raw data. *See Michael G. v. Comm'r of Soc. Sec.*, No. 2:21-CV-5467, 2022 WL 11615881, at *8 (S.D. Ohio Oct. 20, 2022) (Jolson, M.J.) (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726–27 (6th Cir. 2013)). Here, the objective medical evidence that the ALJ cited in crafting Plaintiff's physical RFC are either treatment notes, physical examinations, or bloodwork interpreted by physicians. (Doc. #7-2, *PageID* #57) (citing Doc. #7-7, *PageID* #s 321, 328, 334, 395, 413-14, 436, 491, 570, 574, 605, 607; Doc. #7-8, *PageID* #s 712, 715, 724, 770, 774, 790, 796, 819, 834; Doc. #7-19, *PageID* #s 883, 889, 895, 897, 902). Thus, although the ALJ reviewed medical providers' interpretations of medical results, he did not impermissibly interpret raw medical data to craft Plaintiff's RFC.

Therefore, Plaintiff's assignment of error is not-well taken.

**B. Use of Walker**

Additionally, Plaintiff argues that the ALJ "failed to build an accurate and logical bridge from the evidence of Plaintiff's PAD with documented walking limitations and the ALJ's crafted RFC" by basing Plaintiff's physical limitations merely on "the sum of his allegations, impairments, symptoms, and limitations rather than any actual medical opinion evidence." (Doc. #9, *PageID* #979) (citing Doc. #7-2, *PageID* #57). Plaintiff asserts this error is not harmless because he was prescribed a walker that he uses for ambulation, and the vocational expert testified that "use of a four-wheeled walker … would eliminate competitive work." *Id*. For the following reasons, Plaintiff's argument lacks merit.

An individual's RFC may be impacted by a requirement to use a hand-held assistive device. However, if a walker is not medically required, it cannot be considered a restriction or limitation on an individual's ability to work. *Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002). Social Security Ruling 96-9p addresses the use of an assistive device in determining an individual's RFC and the vocational implications of such devices:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

Soc. Sec. R. 96-9p, 1996 WL 374185, at *7 (Soc. Sec. Admin. July 2, 1996). Notably, evidence of a prescription for an assistive device is not alone sufficient to support a finding that it is medically required. *Ross v. Comm'r of Soc. Sec.*, No. 2:17-CV-169, 2018 WL 580157, at *6 (S.D. Ohio Jan. 29, 2018) (Vascura, M.J.), *report and recommendation adopted*, No. 2:17-CV-169, 2018

11

WL 1406826 (S.D. Ohio Mar. 21, 2018) (Marbley, D.J.) ("Thus, the undersigned rejects Plaintiff's contention that a doctor's prescription for an assistive device amounts to an opinion that a cane is 'medically necessary' within the context of evaluating claims for social security benefits."). The "burden to prove through clinical evidence that a cane is medically required" is on the plaintiff. *Baker v. Comm'r of Soc. Sec.*, No. 2:19-CV-4323, 2020 WL 2213893, at *7 (S.D. Ohio May 7, 2020) (Morrison, D.J.) (citing *Strain v. Comm'r of Soc. Sec. Admin.*, No. 5:12-cv-1368, 2013 WL 3947160, at *2 (N.D. Ohio Aug. 1, 2013)).

Although Plaintiff testified at the hearing before the ALJ that he required use of a walker for ambulation, the ALJ found that use of a walker was not medically necessary. (Doc. 7-2, *PageID* #s 86, 54). First, the ALJ pointed to several examinations in Plaintiff's medical records after the walker's prescription where Plaintiff did not demonstrate abnormal gait or ambulation. (Doc. #7-2, *PageID* #55) (citing Doc. #7-7, *PageID* #s 585, 594; Doc. #7-9, *PageID* #723; Doc. #7-19, *PageID* #s 882, 939-40). Second, the ALJ acknowledged that Plaintiff had been prescribed a walker in February 2021, indicating that he considered the prescription in his RFC determination. (Doc. #7-2, *PageID* #56). Yet, a prescription for a handheld assistive device is not enough for it to be deemed "medically necessary," or, put another way, required as a limitation within the RFC. *See Ross*, 2018 WL 580157, at *6. Further, to fulfill Soc. Sec. R. 96-9p's requirements, a prescription must not be based solely on "Plaintiff's self-reported difficulties." *See Cayenne W. v. Comm'r of Soc. Sec.*, No. 2:23-CV-1282, 2024 WL 1155851, at *8 (S.D. Ohio Mar. 18, 2024) (Bowman, M.J.) (citing *Elliott v. Comm'r of Soc. Sec.*, No. 2:19-CV-3445-EAS-CMV, 2020 WL 746597, at *9 (S. D. Ohio Feb. 14, 2020) (Vascura, M.J.), *report and recommendation adopted*, 2020 WL 5797959 (S.D. Ohio Sept. 29, 2020) (Sargus, D.J.)). Here, the February 2021

prescription for the walker was based on Plaintiff's report that "his lower extremity symptoms from PAD worsened, [and he] can ambulate about 10 feet before having cramping pain of bilateral LE that extends to his hips," without any additional findings by the prescribing physician. (Doc. #7-7, *PageID* #547).

In sum, under Sixth Circuit law, Plaintiff has the burden to prove through clinical evidence that a walker is "medically necessary." *Baker*, 2020 WL 2213893, at *7. Clinical evidence includes prescriptions, medical treatment records, and medical opinions. *Strain*, 2013 WL 3947160, at *25. Plaintiff has not pointed to any evidence in the medical record that establishes that his walker use is "medically necessary," while the ALJ pointed to evidence that would indicate a walker was not medically necessary. Therefore, Plaintiff has not carried his burden to prove through clinical evidence that the walker was "medically necessary," and the ALJ did not err in excluding use of a walker from Plaintiff's RFC.

For these reasons, Plaintiff's argument is not well-taken.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #9) is **OVERRULED;**

2. The Commissioner's non-disability determination is **AFFIRMED**; and

3. The case is terminated on the docket of this Court.

September 27, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

13